# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTIE M. COOPER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS JEFFERSON UNIVERSITY | : | |
| HOSPITAL | : | NO. 16-5587 |

## MEMORANDUM OPINION

Savage, J.                                                                                         August 9, 2017

      In this employment discrimination action, we see how the rigid application of a workplace rule yields a harsh and insensitive result—the firing of an eight-year employee who missed a deadline by one day. Yet, the law provides no relief.

      Mattie Cooper, an African American, claims she was terminated from her job as a registered nurse based on her race. Moving for summary judgment, Thomas Jefferson University Hospital (Jefferson) argues that she was terminated not because of her race, but because she failed to renew her mandatory nursing license. Viewing the allegations in the light most favorable to Cooper and drawing all reasonable inferences in her favor, it is undisputed that Cooper's license had not been renewed and she worked while unlicensed. Her failure to timely renew her license rendered her unqualified for the position of registered nurse. Thus, because Jefferson is entitled to judgment as a matter of law, we shall grant the motion.

## Background

Cooper, an African American female, has been a registered nurse since 1981.[1] She worked at Jefferson as a staff nurse in the endoscopy unit from October 28, 2007, until she was terminated on November 18, 2015.[2]

Like all registered nurses in Pennsylvania, Cooper was required to renew her nursing license biannually. While at Jefferson, she successfully renewed her license in October 2009, October 2011, and October 2013.[3] On September 14, 2015, six weeks before her license was due to expire, Cooper electronically submitted the $65.00 license renewal fee to the Pennsylvania Department of State.[4]

On September 24, 2015, Cooper went out on short-term disability for foot and ankle pain.[5] She returned to work on October 26, 2015.[6] Two days later, Barbara Alpini, her immediate supervisor, reminded her of the need to renew her license.[7] It was set to expire on October 31, 2015. To successfully renew, all nurses were required to complete an online course on child abuse awareness. Although Cooper agrees she spoke with Alpini on that date, she denies discussing the online child abuse course

---

[1] Def. Mot. for Summ. J. Statement of Undisputed Facts (SUF) (Doc. No. 21-2) ¶ 1.

[2] *Id.* ¶¶ 3, 61.

[3] *Id.* ¶¶ 15, 21; *Id.* Ex. 1, Dep. of Mattie M. Cooper (Cooper Dep.) (Doc. No. 21-4) at 35:4–24, ECF 8.

[4] SUF ¶ 35; Pl. Counter-Statement of Undisputed Facts (CSUF) (Doc. No. 27) ¶ 35. The payment receipt Cooper received stated that "the acceptance of the fee . . . does not indicate that your license renewal/application has been issued successfully." SUF ¶ 36.

[5] Def. Mot. for Summ. J. (MSJ) Ex. 14, Short-Term Disability Leave Summary (Doc. No. 21-17).

[6] *Id.*

[7] SUF ¶¶ 22, 40; CSUF ¶¶ 22, 94, 95.

renewal prerequisite.[8] Cooper admits she spoke with another fellow endoscopy nurse about the course requirement when she returned to work from disability leave.[9] She attempted to access the online course webpage on October 28, but was unsuccessful.[10]

On October 31, 2015, Cooper's license expired. Nevertheless, she continued working through November 12, 2015.[11]

On November 13, 2015, upon discovering that Cooper's license had expired, Alpini advised her not to return to work.[12] She completed the online child abuse course on November 16, 2015.[13] Her license was renewed the next day.[14]

On the same day that she completed the online course, Kathleen Shannon, Business Partner in Human Resources, emailed Alpini, recommending Cooper's termination because she "knowingly worked for 2 weeks with an expired license" and Jefferson was unable to verify that her license had been renewed.[15] Alpini did not respond to Shannon's email because she was on sick leave from November 16, 2015 until around Christmas.[16] On November 18, 2015, Shannon fired Cooper.[17]

---

[8] CSUF ¶¶ 40, 94.

[9] Cooper Dep. at 88:23–89:19, ECF 29–30.

[10] *Id.* at 62:11–22, ECF 21.

[11] SUF ¶ 45; CSUF ¶ 45.

[12] SUF ¶¶ 49–51; CSUF ¶¶ 49–51.

[13] MSJ Ex. 18, Certificate of Completion, Nov. 16, 2015 (Doc. No. 21-21).

[14] SUF ¶ 60; CSUF ¶ 60.

[15] SUF ¶ 56; CSUF ¶ 56; MSJ Ex. 19, Email from Kathleen Shannon to Barbara Alpini, Nov. 16, 2015 (Doc. No. 21-22).

[16] SUF ¶ 57; CSUF ¶ 57.

[17] SUF ¶¶ 61, 62; CSUF ¶¶ 61, 62.

According to Jefferson's policy on employee license verification, registered nurses must complete all necessary requirements for license renewal "no later than 5 business days before expiration."[18] The policy states that if Jefferson is unable to verify a license renewal "within 10 business days after the expiration date of their credentials, the employee will be terminated for failure to meet job requirements."[19] Hence, to comply with the policy and to avoid termination, Cooper had to renew her license within ten business days after it had expired so that Jefferson could verify its renewal.[20]

Cooper denies having known that the online child abuse course was required for renewal. However, she concedes that renewing her license was her responsibility.[21] Further, Jefferson and state agencies notified nurses of the online course requirements. Alpini posted a bulletin in the endoscopy unit break room before April, 2015.[22] Jefferson also issued an online notice in the portal nurses use to schedule their working hours.[23] The Pennsylvania Board of Nursing and the Bureau of Professional & Occupational Affairs sent letters to registered nurses who had not completed renewal requirements.[24] The Bureau of Professional & Occupational Affairs sent a discrepancy notice to nurses who had paid the renewal fee but had not completed the online child abuse course.[25]

---

[18] MSJ Ex. 3, Hospital Policies & Procedures, Dec. 29, 2015 (Doc. No. 21-27) at 2.

[19] *Id.*

[20] *Id.*

[21] Cooper Dep. at 81:11–19.

[22] SUF ¶ 30; CSUF ¶ 105.

[23] SUF ¶ 29.

[24] SUF ¶¶ 25–28.

[25] MSJ Ex. 9, Discrepancy Notice, Aug. 9, 2016 (Doc. No. 21-27).

Cooper admitted receiving a "reminder" from the State in the mail prior to the October 31, 2015 renewal deadline.[26]

Cooper filed a grievance, complaining that she was never informed of the required child abuse course and that she renewed her license as soon as she had learned about it.[27] She did not claim racial discrimination in her grievance or at her grievance hearing.[28] Jefferson sustained the termination action.[29]

Cooper then filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that the hospital discriminated against her based on her race, sex, and age.[30] In her EEOC charge, she conceded she was discharged "because [she] worked without a license."[31] Cooper alleges only race discrimination in this civil action.

**Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[26] Cooper Dep. at 87–88, ECF 28–29.

[27] SUF ¶¶ 67–69, 72, 73; CSUF ¶¶ 67–69, 72, 73.

[28] SUF ¶ 72.

[29] *Id.* ¶ 74.

[30] *Id.* ¶¶ 75–78.

[31] MSJ Ex. 24, EEOC Charge, Dec. 22, 2015 (Doc. No. 21-27).

5

In examining the motion, we must draw all reasonable inferences in the nonmovant's favor. *Young v. Martin*, 801 F.3d 172, 177 (3d Cir. 2015).

The initial burden of demonstrating that there are no genuine issues of material fact falls on the moving party. Fed. R. Civ. P. 56(a). Once the moving party has met its burden, the nonmoving party must counter with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The nonmovant must show more than the "mere existence of a scintilla of evidence" for elements on which she bears the burden of production. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Bare assertions, conclusory allegations or suspicions are not sufficient to defeat summary judgment. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

**Analysis**

A claim of intentional employment discrimination based on disparate treatment may be proven by either direct evidence of discriminatory intent or indirect evidence from which one can infer an intent to discriminate. *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 364 (3d Cir. 2008); *Logue v. Int'l Rehab. Assocs.,* 837 F. 2d 150, 153 (3d Cir. 1988) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 257 (1981)). Cooper has presented no direct evidence of discriminatory intent. Instead, she contends the evidence permits an inference of discrimination. Therefore, the familiar

6

three-step *McDonnell Douglas* burden-shifting standard applies. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *C.A.R.S.*, 527 F.3d at 364.

Under the *McDonnell Douglas* analysis, Cooper must first establish a *prima facie* case. If she does, the burden shifts to Jefferson "to identify a legitimate, nondiscriminatory reason for the adverse employment action." *Smith v. City of Allentown*, 589 F.3d 684, 690 (3d Cir. 2009) (citation omitted). If Jefferson satisfies that burden, Cooper must produce evidence from which a reasonable fact finder could conclude that the proffered reason for taking the adverse action was merely a pretext for intentional discrimination. *Id.* (citation omitted). The final burden of production "merges with the ultimate burden of persuading [the jury] that she has been the victim of intentional discrimination." *Burdine*, 450 U.S. at 256.

To make out a *prima facie* case of discrimination, Cooper must show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) nonmembers of the protected class were treated more favorably under circumstances giving rise to an inference of unlawful discrimination. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 169 (3d Cir. 2013); *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citation omitted). Establishing a *prima facie* case of discrimination "is not onerous and poses a burden easily met." *C.A.R.S.*, 527 F.3d at 365 (internal quotation marks omitted) (quoting *Burdine*, 450 U.S. at 253). In addition, the nature of the required showing to establish a *prima facie* case of disparate treatment by indirect evidence varies with the circumstances of the particular case. *C.A.R.S.*, 527 F.3d at 365 (citing *Jones v. Sch.*

*Dist. of Phila.*, 198 F.3d 403, 411 (3d Cir. 1999)); *Torre v. Casio, Inc.*, 42 F.3d 825, 830 (3d Cir. 1994) (citation omitted).

Cooper, an African American, is a member of a protected class. She suffered an adverse employment action when she was terminated. She has not shown that she was qualified for the nurse's position at the time she was fired. Nor has she offered evidence that non-members of the protected class were treated any differently.

Cooper's nursing license expired on October 31, 2015. Pursuant to the hospital's policy, if Jefferson was unable to verify that her license had been renewed within ten business days from October 31, she would be terminated.[32] Because she did not renew her license by November 16, Jefferson terminated her for failure to meet job requirements, as required by the policy. Indeed, in her EEOC complaint, she conceded that she had been terminated because her license had expired.[33] Thus, she was not qualified to be a nurse at Jefferson when she was terminated.[34] *See Iyer v. Everson*, 382 F. Supp. 2d 749 (E.D. Pa. 2005) (employee failed to show he was qualified for position that required an LLM in taxation, where he had neither completed nor was enrolled in LLM program in taxation); *cf. Fiorentini v. William Penn Sch. Dist.*, 150 F. Supp. 3d 559, 567–68 (E.D. Pa.) (furloughed employee failed to make out *prima facie* case of age discrimination where those hired back had elementary teaching

---

[32] The record does not reflect how Jefferson defines a business day. If the calculation excludes Saturdays, Sundays, and the federal holiday celebrating Veteran's Day, November 11, 2015, ten business days following October 31 is November 16, 2015.

[33] MSJ Ex. 24, EEOC Charge of Discrimination, Dec. 22, 2015. (Doc. No. 21-27).

[34] While employed at Jefferson, Cooper also worked at the Pennsylvania Hospital on a per diem basis. SUF ¶¶ 52–54; CSUF ¶¶ 52–54. When Pennsylvania Hospital learned her license lapsed, her supervisor notified her in a text message that he "could not allow [Cooper] to work if [her] license was not renewal (sic)." SUF ¶ 54. Cooper was also informed that Pennsylvania Hospital would require proof of her renewal for her to return to work. *Id.*

certifications, required for the positions, that employee lacked), *aff'd*, 665 F. App'x 229 (3d Cir. 2016).

Had she demonstrated that she was qualified for her job, she still did not show that non-African American nurses were treated more favorably under circumstances giving rise to an inference of discrimination.

Cooper alleges that in 2009, Jefferson "allowed a White nurse, Colleen Long, to work with an expired license, and did not discipline her."[35] Nothing in the record supports this bald allegation. To the contrary, Alpini testified that she never allowed Long to work without a renewed license.[36] Cooper, as the nonmovant, must come forward with evidence to support the essential elements of her claim on which she bears the burden of proof at trial. *In re TMI*, 89 F.3d 1106, 1116 (3d Cir. 1996). Meeting this burden requires more than pointing to the pleadings. *Id*. At the summary judgment stage, allegations based solely on conclusory statements that are not substantiated by specific allegations of fact or evidence in the record do not create a dispute of material fact. *Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 322 (3d Cir.) (citing *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989)), *cert. denied*, 137 S. Ct. 82 (2016); *see also* Fed. R. Civ. P. 56(e)(2). Because Cooper has not proffered any facts to support her claim that a White nurse was permitted to work after her license expired, she cannot show circumstances giving rise to an inference of discrimination.

---

[35] Resp. in Opp'n to Mot. for Summ. J. (Doc. No. 26-2) at 6–7, n.1.

[36] *Id.* Ex. D, Dep. of Barbara Alpini (Doc. No. 28-6) at 51:21–52:8, 55:17–19, ECF 16–17. Jefferson produced Long's nursing license which was not set to expire until April 30, 2010. Reply in Supp. of Mot. for Summ. J. Ex. 1, Registered Nurse License for Colleen Long (Doc. No. 30-2).

## Conclusion

Cooper has failed to establish a *prima facie* case of discrimination. She was not a qualified registered nurse at the time she was terminated because her license had expired and she failed to verify it was timely renewed. Nor has she shown that the non-African American nurses were treated any differently. Thus, we shall grant the motion for summary judgment.